UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY ALAN DUKE, | Case No. 1:11-cv-02055-DLB PC |
| Plaintiff, | **ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND** |
| v. | |
| DR. CHAKATOS, et al., | ECF No. 4 |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

**I.   Background**

Plaintiff Timothy Alan Duke ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On October 31, 2011, Plaintiff filed a notice of complaint with the Northern District of California. ECF No. 1. On December 2, 2011, Plaintiff filed his complaint. ECF No. 4. On December 13, 2011, the action was transferred to this Court. ECF No. 7.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
2  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
3  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

4      A complaint must contain "a short and plain statement of the claim showing that the pleader
5  is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
6  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
7  do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550
8  U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a
9  claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual
10 allegations are accepted as true, legal conclusions are not. *Id.*

11 **II.  Summary of Complaint**

12     Plaintiff is incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California,
13 where the events giving rise to this action occurred. Plaintiff also mentions Corcoran State Prison in
14 his complaint. Plaintiff names as Defendants from PVSP: Doctor Chakatos, Doctor Ho, PA
15 (physician assistant) Fortune. PA Loadholt worked at Corcoran State Prison.

16     Plaintiff alleges the following. Plaintiff's body is in constant pain after a prison riot that
17 occurred in January 2009. Plaintiff requests the medication that he received while incarcerated at
18 Corcoran State Prison, namely low doses of methadone and norco that worked. Defendant Loadholt
19 doubled the methadone and stopped the 2-phase pain treatment that had really worked previously.

20     Plaintiff requests as relief the medication that he had previously received.

21 **III.  Analysis**

22     Plaintiff provides no dates regarding when these events occurred, and fails to link Defendants
23 Chakatos, Ho, or Fortune to an act or omission that would indicate a violation of Plaintiff's federal
24 rights. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the
25 deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative
26 act, participates in another's affirmative acts, or omits to perform an act which he is legally required
27 to do that causes the deprivation of which complaint is made.").

28     Plaintiff alleges only that Defendant Loadholt, who appears to work at Corcoran State Prison,

2

changed the dosage for Plaintiff's pain medication.  The Court construes this allegation as an Eighth Amendment claim.

The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Based on Plaintiff's allegations, Plaintiff has sufficiently satisfied the first prong of an Eighth Amendment claim, regarding a serious medical need, alleging that he suffers chronic pain.  However, Plaintiff fails to satisfy the second prong, deliberate indifference.  Plaintiff alleges no facts which indicate that Defendant Loadholt knew of and disregarded an excessive risk of serious harm to Plaintiff's health.  A different of opinion between a medical professional and the prisoner concerning the appropriate course of treatment does not amount to deliberate indifference.  *Toguchi*, 391 F.3d at 1058.

To the extent that Plaintiff alleges liability against Defendants based on any supervisory roles, Plaintiff fails to state a claim.  The term "supervisory liability," loosely and commonly used by

both courts and litigants alike, is a misnomer. *Iqbal*, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.* at 677. When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges no facts which indicate that any supervisory Defendants personally participated in an alleged constitutional violation or knew of constitutional violations and failed to act to prevent them.

## IV. Conclusion and Order

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, -- F.3d --, 09-15806, 2012 WL 3711591 (9th Cir. Aug. 29, 2012); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order;

3. Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 9, 2012**                         /s/ *Dennis L. Beck*
                                                                 UNITED STATES MAGISTRATE JUDGE