**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY ALAN DUKE,<br><br>Plaintiff,<br><br>v.<br><br>DOCTOR CHAKATOS, et al.,<br><br>Defendants. | Case No. 1:11-cv-02055-DLB PC<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>ECF No. 14 |

**I.  Background**

Plaintiff Timothy Alan Duke ("Plaintiff") is prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On October 31, 2011, Plaintiff filed his Complaint in the Northern District of California. On December 14, 2011, the action was transferred to this Court. On October 9, 2012, the Court screened Plaintiff's Complaint and dismissed it for failure to state a claim, with leave to amend. On October 30, 2012, Plaintiff filed his First Amended Complaint. ECF No. 14.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2).

1  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
2  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
3  claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

4        A complaint must contain "a short and plain statement of the claim showing that the pleader
5  is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
6  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
7  do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550
8  U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a
9  claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual
10 allegations are accepted as true, legal conclusions are not.  *Id.*

11 **II.**     **Summary of First Amended Complaint**

12       Plaintiff was incarcerated at Pleasant Valley State Prison ("KVSP") in Delano, California, at
13 the time these events occurred.  Plaintiff also mentions Corcoran State Prison in his complaint.
14 Plaintiff names as Defendants from PVSP: Doctor Chakatos, Doctor Ho, PA (physician assistant)
15 Fortune.  PA Loadholt worked at Corcoran State Prison.  Plaintiff additionally names lieutenant
16 Dotson, correctional officers A. Salas, Flores, and Rocha, and most of the nurses and staff at
17 medical.

18       Plaintiff alleges the following.  Plaintiff alleges that a riot at Corcoran State Prison between
19 black and white inmates occurred on January 12 and 13 of 2009, and that staff failed to follow
20 protocol prevent it.  Doctor Chakatos just stopped all pain medications and refused to find out the
21 injuries sustained in the riot.

22       Plaintiff requests as relief real medical pain relief, his spine to be fixed, and monetary
23 damages.

24 **III.**     **Analysis**

25       The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not
26 mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation
27 omitted).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth
28 Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized

measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state a claim against Defendant Chakatos.  Plaintiff alleges only that Defendant Chakatos stopped Plaintiff's pain medication and refused to find out about Plaintiff's injuries.  Plaintiff fails to allege facts which indicate that Defendant Chakatos knew of and disregarded an excessive risk of serious harm to Plaintiff's health.

As to the remaining Defendants, Plaintiff fails to make any allegations that link them to a violation of Plaintiff's constitutional rights. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.").  Plaintiff's allegations are too vague and conclusory to state a claim. *Iqbal*, 556 U.S. at 678.

**IV.  Conclusion and Order**

Plaintiff fails to state a claim against any Defendants.  The Court does not find that Plaintiff can cure the deficiencies identified.  Accordingly, leave to amend will not be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

3

    Based on the foregoing, it is HEREBY ORDERED that this action is dismissed with prejudice for failure to state a claim upon which relief may be granted. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

    Dated:   **April 2, 2013**                      /s/ *Dennis L. Beck*
                                                            UNITED STATES MAGISTRATE JUDGE